**BREWERS AND MALTSTERS, LOCAL UNION NO. 6, Affiliated with the International Brotherhood of Teamsters, Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**Anheuser–Busch Companies, Inc., Intervenor.**

No. 07–1423.

United States Court of Appeals, District of Columbia Circuit.

Dec. 8, 2008.

Stacey A. Aschemann, Arthur J. Martin, Schuchat, Cook & Werner, St Louis, MO, for Petitioner.

Ruth E. Burdick, Linda Dreeben, Deputy Assistant General Counsel, J. Englehart, Attorney, John H. Ferguson, Assistant General Counsel, Ronald E. Meisburg, National Labor Relations Board, Washington, DC, for Respondent.

Robert A. Fisher, Arthur G. Telegen, Foley Hoag, Boston, MA, for Intervenor.

Before: TATEL and KAVANAUGH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### *JUDGMENT*

This case was considered on the record from the National Labor Relations Board and on the briefs and arguments of the parties. It is

ORDERED AND ADJUDGED that the petition for review is denied.

The Board adopted a reasonable interpretation of section 10(c) of the National Labor Relations Act, 29 U.S.C. § 160(c), which we defer to under the second step of *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), *see NLRB v. United Food & Commercial Workers Union, Local 23*, 484 U.S. 112, 123–24, 108 S.Ct. 413, 98 L.Ed.2d 429 (1987); in doing so it offered an acceptable rationale for overruling its precedent to the contrary; and it provided an alternative rationale for its order denying make-whole relief based on its "broad discretionary power ... to fashion remedies," *Petrochem Insulation, Inc. v. NLRB*, 240 F.3d 26, 34 (D.C.Cir.2001). Thus, on remand from this court, the Board did exactly as we instructed, *see Brewers & Maltsters, Local Union No. 6 v. NLRB*, 414 F.3d 36, 48 (D.C.Cir.2005), and petitioner's arguments to the contrary are meritless.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing en banc. *See* FED. R.APP. P. 41(B); D.C. CIR. R. 41.